UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DUSTIN UHRIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-100-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| TROOPER C. JOHNSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dustin Uhrig is a resident of Falmouth, Kentucky, and is proceeding *in forma pauperis*.  The Court must review his civil rights complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage of the proceedings, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Uhrig alleges that in June 2023, Kentucky State Police Trooper C. Johnson pulled over his vehicle.  [Record No. 1 at 2]  Following the stop, Johnson issued Uhrig a citation charging him with various traffic offenses, including failure to wear a seat belt, failure to provide proof of registration, failure to post registration on vehicle plates, failure to provide proof of insurance, and failure to maintain insurance on his vehicle.  *See Commonwealth v. Uhrig*, No.

-1-

23-T-00272 (Pendleton Dist. Ct. 2023).[1]  Uhrig contends that the charges were "fraudulent." [*See* Record No. 1 at 2 and Record No. 1-1 at 1.] But Uhrig provides no explanation for this assertion.   Uhrig further complains that, during pretrial proceedings, Pendleton County Attorney Stacey Sanning "fraudulently used her [official] position . . . to excuse the subpoena of the body cam and dash cam" of the vehicle stop.  [*See* Record No. 1 at 5 and Record No. 1-1 at 1.]  Once again, Uhrig provides no factual basis for this claim.

Uhrig next alleges that Pendleton County District Judge Charles W. Kuster pressured him to hire defense counsel and to pay the fines associated with the infractions.  [Record No. 1 at 5; Record No. 1-1 at 2]  Uhrig alleges that, prior to trial, charges related to having a valid driver's license and proof of insurance were dismissed when Uhrig provided the required documents in open court.  [Record No. 1 at 2] Uhrig alleges that Officer Johnson provided perjured testimony during trial in February 2024, but does not identify the subject matter of the testimony or explain why it was perjurious.   However, he further contends that Judge Kuster permitted the testimony even though he knew it to be false.  [Record No. 1 at 5; Record No. 1-1 at 2]  A jury found Uhrig not guilty of failing to wear a seat belt, but guilty of the remaining traffic infractions.  Uhrig was also found guilty of contempt of court.  Uhrig was ordered to pay a total of $450.00 in fines as a result of his convictions.

Uhrig also includes allegations regarding a second and apparently unrelated arrest and prosecution.  He states that seven months later in January 2024, Officer Johnson arrived at his

---

[1]  The docket for the Pendleton District Court criminal proceedings can be viewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=096&court=1&division=DI&caseNumber=23-T-00272&caseTypeCode=TR&client_id=0 (accessed June 17, 2024).  The court may take judicial notice of this information contained on a government website.  *See Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009).  The traffic citation does not charge Uhrig with failure to possess a valid driver's license as alleged in his complaint.

home while out of uniform, arrested him without a warrant, and did not read him his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).  [Record No. 1 at 2]  He further asserts that Johnson then searched his vehicle and seized a firearm.  *See id.* at 3.  Elsewhere in his complaint, Uhrig attributes the vehicular search and firearm seizure to a different KSP Officer, William Howard, whom he complains disregarded a "No Trespassing" sign.  [*See* Record No. 1-1 at 2.]

Uhrig further complains that during his initial appearance on charges of reckless endangerment, Grant County Circuit Court Judge Leslie Knight granted his motion for court-appointed counsel but denied his request for a change of venue.  [*See* Record No. 1 at 4.]  *See also Commonwealth v. Uhrig*, No. 23-CR-00167 (Grant Cir. Ct. 2023).[2]  For relief, Uhrig seeks placement in a federal witness protection program, injunctive relief, and criminal prosecution of the defendants.  [Record No. 1-1 at 3]

Following review, the Court will dismiss the plaintiff's complaint for several reasons.[3]  First, Uhrig's unexplained assertion that all the June 2023 charges filed by KSP Officer Johnson were "fraudulent" is a mere conclusion that does not raise his claim for relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Notwithstanding this pleading deficiency, Uhrig may not assert civil claims against Johnson based upon those charges for which he was convicted in the Pendleton District Court.  *See*

---

[2]   The docket for the Grant Circuit Court criminal proceedings can be viewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=041&court=1&division=CI&caseNumber=23-CR-00167&caseTypeCode=CR&client_id=0 (accessed June 17, 2024).

[3]  Considering the Court's resolution of this matter, it disregards certain procedural errors by Uhrig, including his inadvertent failure to sign the complaint in violation of Rule 11(a) of the Federal Rules of Civil Procedure and the improper joinder of unrelated claims against different parties in violation of Rules 18 and 20.

*Heck v. Humphrey*, 512 U.S. 477 (1994). Likewise, the Court will abstain from exercising jurisdiction over civil claims regarding Uhrig's January 2024 arrest because the related criminal prosecution remains pending in the Morgan Circuit Court, where he may raise his claims concerning his arrest. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court therefore will dismiss the claims against KSP Officers C. Johnson and William Howard without prejudice.

The Court will dismiss the remaining claims with prejudice. The claims against Pendleton District Judge Kuster and Morgan Circuit Judge Knight are barred by the doctrine of judicial immunity. This doctrine precludes the assertion of a claim against a judge arising out of acts performed as an integral part of the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Forrester v. White* 484 U.S. 219, 225 (1988) (noting that absolute judicial immunity "insulates judges from vexatious actions prosecuted by disgruntled litigants.") (cleaned up). And because the protection provides immunity not just from damages but from suit itself, it is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Here, Uhrig complains of actions taken by each judge during courtroom hearings in his or her role as the presiding judge, and thus fall squarely within the scope of judicial immunity. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) ("The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (cleaned up). Similarly, the claims against Pendleton County Attorney Sanning are barred by quasi-judicial immunity afforded to

prosecutors for claims predicated upon the performance of functions related to that role.  *Cf. Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011).  Accordingly, it is hereby

ORDERED as follows:

1.      Uhrig's claims against KSP Officers C. Johnson and William Howard are **DISMISSED** without prejudice.

2.      Uhrig's claims against Pendleton County District Court Judge Charles W. Kuster, Pendleton County Attorney Stacey Sanning, and Morgan County Circuit Court Judge Leslie Knight are **DISMISSED** with prejudice.

3.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated:   June 18, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky